**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIKA EBERHARDINGER,** | : | **CIVIL ACTION NO. 1:16-CV-2481** |
| **Plaintiff** | : | |
| | : | **(Chief Judge Conner)** |
| **v.** | : | |
| | : | |
| **CITY OF YORK**, *et al.*, | : | |
| **Defendants** | : | |

**CASE MANAGEMENT ORDER**

1.     **COUNSEL AND PRO SE LITIGANTS ARE RESPONSIBLE FOR
READING THIS ENTIRE ORDER**.  For the convenience of counsel, a schedule of
important dates follows, however, details regarding said dates/deadlines are
contained in the body of this order:

| | |
|---|---|
| Jury Selection/Trial Date | May 7, 2018 at 9:30 a.m. |
| Fact Discovery Deadline | October 31, 2017 |
| Dispositive Motions & Supporting Briefs | December 1, 2017 |
| Motions in Limine & Supporting Briefs | March 5, 2018 |
| Final Pretrial Conference | April 18, 2018 at 10:00 a.m. |
| Pretrial Memoranda | April 11. 2018 by 12:00 p.m. |
| Affirmative Expert Report(s) | December 1, 2017 |
| Responsive Expert Report(s) | January 5, 2018 |
| Supplemental/Reply Expert Reports | January 22, 2018 |
| Proposed Voir Dire Questions | April 18, 2018 |
| Proposed Jury Instructions | April 18, 2018 |

2.     Counsel are encouraged to consent to the disposition of this case by

the United States magistrate judge pursuant to 28 U.S.C. § 636(c).

3.     The captioned case is placed on the **May 2018** trial list.  Jury selection

for trials on the **May 2018** list will commence at **9:30 a.m. on Monday, May 7, 2018**,

in Courtroom No. 2, Ninth Floor, Federal Building, Third and Walnut Streets,

Harrisburg, Pennsylvania.  Trials will commence following the completion of jury

selections.  Counsel should note that criminal matters take priority and may delay the beginning of the civil trial list.

    4.    The court issues this order pursuant to Rule 16 of the Federal Rules of Civil Procedure.  The views of counsel of all represented parties, as to how and on what schedule pretrial matters should be conducted, have been solicited at the scheduling conference.  Counsel shall not mutually agree to extend any time periods covered by this order, the local rules, or the Federal Rules of Civil Procedure without the approval of the court.  **Requests for extensions of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5.  All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3).  Furthermore, all requests for extensions of the discovery deadline must be made at least thirty (30) days prior to the expiration of the discovery period.  The court will entertain a conference call, if agreed upon by counsel, to resolve time periods and discovery issues**.

    5.    DISCOVERY:

    (a) Counsel shall not cease active discovery pending disposition of a motion to dismiss.

    (b) All fact discovery (expert witness discovery dates noted below) shall be completed by **Tuesday, October 31, 2017,** the parties expeditiously and diligently.  In the event that discovery disputes arise and are not resolved

2

after counsel attempt in good faith to do so, the matter shall be brought before the court by way of a telephone conference rather than through the filing of formal motions.

(c) Affirmative expert report(s) shall be due on or before **<u>Friday, December 1, 2017.</u>**

(d) Responsive expert report(s) shall be due on or before **<u>Friday, January 5, 2018.</u>**

(e) Supplemental/Reply expert witness reports shall be due on or before **<u>Monday, January 22, 2018.</u>**

6.   MOTIONS:

(a) Dispositive motions <u>and</u> supporting briefs must be filed by **<u>Friday, December 1, 2017</u>**.  If both a dispositive motion <u>and</u> its supporting brief are not filed on or before the aforementioned deadline, the motion will not be accepted, absent prior leave of court.  Briefs in support, in opposition and in reply to summary judgment motions may be up to fifteen (15) pages in length, pursuant to Middle District Local Rules.  In multiple defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and shall agree to file joint motions and briefs whenever possible. Those parties needing to brief separate issues may do so by filing separate briefs.  Parties filing motions for summary judgment shall comply with Middle District Rule 7.4.

(b) Motions in limine **and** supporting briefs shall be filed no later than

**Monday, March 5, 2018**.  Motions to exclude expert testimony, which require a

Daubert hearing, shall be filed no later than thirty (30) days from receipt of the

expert report.

      7.     PRE-TRIAL MATTERS:

      (a) A final pretrial conference will be held on **Wednesday, April 18,**

**2018, at 10:00 a.m.** in Jury Room No. 2, Ninth Floor, Federal Building, Third

and Walnut Streets, Harrisburg, Pennsylvania.  **Counsel as well as litigants**

**must be present at this conference in order to have effective settlement**

**discussions**.

      (b) Local Rule 16.2, as it relates to settlement authority, will apply to

this conference.

      (c) On or before **12:00 p.m. on Wednesday, April 11, 2018**, each party

shall file a pretrial memorandum in conformity with the local rules.  Failure

to timely file pretrial memoranda will result in an appropriate sanction.  Fed.

R. Civ. P. 16(f).

      (d) Proposed voir dire questions shall be due on or before **Wednesday,**

**April 18, 2018.**

      (e) Proposed jury instructions shall be due on or before **Wednesday,**

**April 18, 2018.**

      (f) In non-jury cases, counsel shall meet within four (4) weeks after the

close of discovery and discuss settlement.  Subsequent to that meeting,

counsel shall notify this court if they would like the assistance of the United States Magistrate in conducting a formal settlement conference.

(g) **THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3**.  This conference shall be face-to-face unless the court, upon written request, approves another arrangement.  Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

(h) Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2.

(i) At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made.  Counsel for the defendant shall be required to identify any legal defenses he/she expects to make.  It should be noted that the court expects to hold counsel for both sides to the course they outline here unless good cause

is shown for allowing additional legal theories, claims and/or defenses to be argued at trial and unless this court is apprised of these additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial.

(j) No later than the pretrial conference counsel shall notify the court if they wish to employ the summary jury trial procedure.

8.    Pro se litigants are requested to file all documents in this case with the Clerk of Court, P. O. Box 983, Room 920, Federal Building, Harrisburg, PA 17108. In all other cases, courtesy copies are discouraged unless requested by the court or when the filing is voluminous.

9.    If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial.  If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial.  Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn.  If the depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.

10.    Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.

6

11.     Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

12.     Prior to the commencement of trial, counsel shall submit three (3) complete exhibit lists (see attached form) and three (3) complete sets of exhibits for the court's use, in addition to the original which will be offered into evidence.

13.     Should counsel wish to have the JERS (Jury Evidence Recording System) utilized for the presentation of admitted exhibits to the jury during deliberations, counsel must submit complete and properly formatted discs containing said exhibits to the courtroom deputy five (5) business days prior to jury selection.

*Pre-Trial Memo forms available on our website: **http://www.pamd.uscourts.gov**

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      February 14, 2017

**This case is placed on the Complex Track.**

Chambers - Phone (717) 221-3945; Fax (717) 221-3949
Judge Conner's Courtroom Deputy - Phone (717) 221-3920

**(CHIEF JUDGE CONNER)**                     Page ___ of ____

## <u>EXHIBIT LIST</u>

Case Name: _____

Case Number:_____

| Plaintiff | Defendant | Description of Item | Identified | Ruling | Evidence | Witness |
|-----------|-----------|---------------------|------------|--------|----------|---------|
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |
|           |           |                     |            |        |          |         |