# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA EBERHARDINGER | : |
| | : No. 1:16-CV-02481-CCC |
| vs. | : |
| | : |
| CITY OF YORK, BENJAMIN SMITH, MATTHEW FOSTER, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM FIRE & CASUALTY COMPANY, STATE FARM INSURANCE COMPANY, STATE FARM COMPANIES, STATE FARM and STATE FARM INSURANCE | : |

## DEFENDANTS' CITY OF YORK AND BENJAMIN SMITH'S MOTION TO STAY THE PROCEEDINGS UNTIL RESOLUTION OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants, City of York and Benjamin Smith (collectively referred to as "City Defendants" herein), by and through their attorneys, William J. Ferren & Associates, hereby move this Honorable Court for an Order staying this action and in support thereof aver as follows:

Procedural History

1. On December 15, 2016, Plaintiff filed a Complaint against the City of York, York City Police Department, Benjamin Praster, Benjamin Smith, Matthew Foster, State Farm Mutual Automobile Insurance Company, State Farm Fire &

Casualty Company, State Farm Company Insurance Company, State Farm Companies, State Farm, and State Farm Insurance.[1] (Docket Sheet, #1)

2. On January 10, 2017, a Motion to Dismiss was filed by the City, Benjamin Praster, Benjamin Smith, and York City Police Department. (Docket Sheet, #9)

3. On February 9, 2017, the parties jointly filed their Case Management Plan. (Docket Sheet, #30)

4. On February 13, 2017, the State Farm Defendants filed their Motion to Dismiss. (Docket Sheet, #32)

5. On February 14, 2017, the Court issued a Case Management Order setting forth case management instructions, guidelines and the pretrial/trial schedule. (Docket Sheet, #34)

6. On September 20, 2017, the Court issued an Order and Memorandum on City Defendants' Motion to Dismiss dismissing Plaintiff's excessive force claim against Officer Praster, the *Monell* claim against the City, and state law claims for negligence against Officers Praster and Smith without prejudice. (Docket Sheet, #48)

7. On September 20, 2017, the Court issued an Order on the State Farm Defendants' Motion to Dismiss. (Docket Sheet, #49)

---

[1] The State Farm entities are collectively referred to as "State Farm Defendants" herein.

8. Plaintiff was granted to leave to amend the Complaint within twenty (20) days. (Docket Sheet, #48-49)

9. On October 10, 2017, Plaintiff filed an Amended Complaint in this action against City of York, Matthew Foster, Benjamin Smith, and the State Farm Defendants. (Docket Sheet, #50)

10. On October 30, 2017, Plaintiff filed a Motion for Extension of Time to Complete Discovery. (Docket Sheet, #53)

11. On October 31, 2017, the Court issued an Order granting Plaintiff's Motion for Extension of Time and setting for revised case management deadlines and a revised pretrial and trial schedule. (Docket Sheet, #54)

12. The aforementioned Order remains in effect and the deadlines and schedule are as follows:

| | |
|---|---|
| Jury Selection & Trial | July 9, 2018 at 9:30 a.m. |
| Fact Discovery Deadline | January 2, 2018 |
| Dispositive Motions & Supporting Briefs | February 2, 2018 |
| Motions in Limine | May 3, 2018 |
| Final Pretrial Conference | June 21, 2018 at 11:00 a.m. |
| Pretrial Memoranda | June 14, 2018 by 12:00 p.m. |
| Plaintiff's Expert Reports | February 2, 2018 |
| Defendants' Expert Reports | March 2, 2018 |
| Supplemental/Reply Reports | March 19, 2018 |
| Proposed Voir Dire Question | June 21, 2018 |
| Proposed Jury Instructions | June 21, 2018 |

13. On February 2, 2018, City Defendants filed their Motion for Summary Judgment, which, if granted, is fully dispositive of the claims against City Defendants. (Docket, #58)

14. On February 2, 2018, the State Farm Defendants filed their Motion for Summary Judgment. (Docket, #60)

15. City Defendants respectfully request a stay of the current deadlines and schedule because their Motion for Summary Judgment is pending.

16. The power to stay proceedings is incidental to the power of every court to control the disposition of cases on its docket with economy of time and effort for itself, counsel and litigants. *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission,* 387 F.2d 768 (3rd Cir. 1967).

17. A discretionary stay is a stay based on practicality. *Borough of Ellwood City, PA v. PA Power Company,* 462 F. Supp. 1343, 1352 fn.3 (W.D.Pa. 1979) (granting a discretionary stay in the District Court pending the outcome of the claims process in the Federal Energy Regulatory Commission).

18. The practical considerations a court should consider in granting a discretionary stay include:

   1. The length of the requested stay;
   2. The hardship or inequity that the movant would face in going forward with the litigation;
   3. The injury that a stay would inflict upon the non-movant; and
   4. Whether a stay would simplify issues and promote judicial economy.

*Structural Group, Inc. v. Liberty Mutual Insurance Co.*, 2008 WL 4616843 at *5 (M.D.Pa. 2008); *see also Landis v. N. America Co.*, 299 U.S. 248, 254 (1936); *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135-36 (3rd Cir. 2004)

19.     This Court's power to grant a discretionary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *North American Co. v. American Water Works & Electric Co.,* 299 U.S. 248, 254 (1936).

20.     In the present case, City Defendants submit that, in the interest of judicial economy, a temporary stay will conserve the resources of the Defendants, Plaintiff, and this Court.

21.     If City Defendants' Motion for Summary Judgment is granted in its entirety, motions in limine, pretrial memoranda, voir dire, jury instructions, and the pretrial conference will be unnecessary and City Defendants and Plaintiff will have been saved the burden of needless effort and expense.

22.     Should this Court in fact rule against the City Defendants in their Motion for Summary Judgment, the case will continue, and therefore the Plaintiff will not be prejudiced by the requested stay.

23.     Further, the requested stay is limited to a definite period of time – until a determination of the Motion for Summary Judgment.

24. A temporary stay of this action pending the outcome of the Motion for Summary Judgment would (a) focus the issues, defenses and evidence related to this action and (b) prevent the time and expense necessary for the submission of pretrial filings.

WHEREFORE, for all of the foregoing reasons, City Defendants respectfully request this Honorable Court grant their motion for a stay pending the resolution of their Motion for Summary Judgment.

                Respectfully submitted,

                William J. Ferren & Associates

Dated: May 2, 2018

                By:    s/Leticia J. Santiago
                        Leticia J. Santiago, Esquire
                        10 Sentry Parkway, Suite 301
                        Blue Bell, PA  19422
                        Attorney No. PA308519
                        (215) 274-1724 (telephone)
                        (215) 274-1735 (facsimile)
                        Attorney No. PA308519
                        ljsantia@travelers.com