# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIKA EBERHARDINGER | : |
| | : No. 1:16-CV-02481-CCC |
| vs. | : |
| | : |
| BENJAMIN SMITH and | : |
| MATTHEW FOSTER | : |

## BENJAMIN SMITH'S MOTION TO STAY THE PROCEEDINGS PENDING APPEAL TO THE THIRD CIRCUIT

Defendant Benjamin Smith, by and through his attorneys, William J. Ferren & Associates, hereby moves this Honorable Court for an Order staying this action and in support thereof avers as follows:

### Procedural History

1. On December 15, 2016, Plaintiff filed a Complaint in this matter. (Docket Sheet, #1)

2. On February 2, 2018, Defendants City of York and Benjamin Smith (collectively "City Defendants") filed their Motion for Summary Judgment. (Docket, #58)

3. On May 2, 2018, City Defendants filed a Motion to Stay the proceedings until resolution of their motion for summary judgment. (Docket, #77)

4. On May 2, 2018, the Court granted City Defendants' Motion to Stay. (Docket, #78)

5. On September 17, 2018, the Court issued an Order and on September 18, 2018, the Court issued a Memorandum upon consideration of City Defendants' motion for summary judgment granting summary judgment in the City's favor as to the *Monell* claim and denying summary judgment as to the Fourth Amendment excessive force claim against Officer Smith. (Docket, #87, #88)

6. On September 26, 2018, the Court issued an Order setting forth the following deadlines and schedule:

| | |
|---|---|
| Jury Selection & Trial | February 4, 2019 at 9:30 a.m. |
| Motions in Limine | December 3, 2018 |
| Final Pretrial Conference | January 16, 2019 at 11:00 a.m. |
| Pretrial Memoranda | January 9, 2019 by 12:00 p.m. |
| Proposed Voir Dire Question | January 16, 2019 |
| Proposed Jury Instructions | January 16, 2019 |

7. On October 16, 2018, Officer Smith filed a timely Notice of Appeal to the United States Court of Appeals for the Third Circuit from the Order denying his motion for summary judgment as to the Fourth Amendment excessive force claim based on qualified immunity. (Docket #92)

8. On November 21, 2018, the United States Court of Appeal for the Third Circuit issued a Notice of Assignment for Mediation.

9. The mediation is currently scheduled for January 3, 2019 at 11 a.m.

10. Officer Smith respectfully requests a stay of all deadlines set forth in the aforementioned September 26, 2018 Order because his appeal is pending and for the reasons set forth herein.

## Officer Smith's Appeal on Qualified Immunity Requires a Stay of All District Court Proceedings

11. The power to stay proceedings is incidental to the power of every court to control the disposition of cases on its docket with economy of time and effort for itself, counsel and litigants. *Merritt-Chapman & Scott Corp. v. Pennsylvania Turnpike Commission,* 387 F.2d 768 (3rd Cir. 1967).

12. A discretionary stay is a stay based on practicality. *Borough of Ellwood City, PA v. PA Power Company,* 462 F. Supp. 1343, 1352 fn.3 (W.D.Pa. 1979) (granting a discretionary stay in the District Court pending the outcome of the claims process in the Federal Energy Regulatory Commission).

13. The practical considerations a court should consider in granting a discretionary stay include:

   1. The length of the requested stay;
   2. The hardship or inequity that the movant would face in going forward with the litigation;
   3. The injury that a stay would inflict upon the non-movant; and
   4. Whether a stay would simplify issues and promote judicial economy.

*Structural Group, Inc. v. Liberty Mutual Insurance Co.,* 2008 WL 4616843 at *5 (M.D.Pa. 2008); *see also Landis v. N. America Co.,* 299 U.S. 248, 254 (1936); *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.,* 381 F.3d 131, 135-36 (3rd Cir. 2004)

14. This Court's power to grant a discretionary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *North American Co. v. American Water Works & Electric Co.,* 299 U.S. 248, 254 (1936).

15. In the present case, Officer Smith submits that equity mandates a stay of the district court case and this Court should exercise its discretion in a way that protects the substance of the qualified immunity defense.

16. Officer Smith should not have to go forward with pretrial and trial proceedings and the burden associated therewith when he has timely filed an appeal on qualified immunity.

17. There is no question that a stay avoids the prejudice to Officer Smith, which is real and tangible.

18. The standard upon which to determine whether to issue a stay, requires staying the district court proceedings until the qualified immunity issue is resolved by the Third Circuit.

19. In *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982), the Supreme Court expressed its view that the concept of the qualified immunity doctrine concerns consequences such as the general costs of subjecting officials to the risks of trial – distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service.

20. *Harlow* emphasizes that pretrial matters are to be avoided if possible. *Harlow*, 457, U.S. at 817.

21. Qualified immunity is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

22. The Supreme has also stated that a district "court's denial of qualified immunity finally and conclusively determines the defendant's claim of right not to *stand trial* on the plaintiff's allegations" and "there are simply no further steps that can be taken in the District Court to avoid the trial the defendant maintains is barred". *Mitchell*, 472 U.S. at 527.

23. For this reason, an Order denying qualified immunity which turns on an issue of law is immediately appealable. *Id*. at 527, 530.

24. A stay of this action is required because this Court's decision denying qualified immunity is effectively unreviewable on appeal following a trial, thus Officer Smith's only recourse was to timely file an appeal of the September 17th Order. *Id*. at 527 ("the district court's decision is effectively unreviewable on appeal from a final judgment").

25. Should the Third Circuit affirm this Court's Order, the case will continue, and therefore the Plaintiff will not be prejudiced by the requested stay.

26.     However, should the Third Circuit reverse this Court's Order, the spirit and intent of the doctrine of qualified immunity will be satisfied and Officer Smith will not have to make pretrial submissions and stand trial on Plaintiff's claim against him.

27.     Lastly, the requested stay is limited to a definite period of time – until a determination of the pending appeal.

WHEREFORE, for all of the foregoing reasons, Officer Smith respectfully requests this Honorable Court grant his motion for a stay pending the resolution of his appeal on qualified immunity.

Respectfully submitted,

William J. Ferren & Associates

By:     s/Leticia J. Santiago
        Leticia J. Santiago, Esquire
        10 Sentry Parkway, Suite 301
        Blue Bell, PA  19422
        Attorney No. PA308519
        (215) 274-1724 (telephone)
        (215) 274-1735 (facsimile)
        Attorney No. PA308519
        ljsantia@travelers.com

Dated:  December 4, 2018