IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIKA EBERHARDINGER,** | : | CIVIL ACTION NO. 1:16-CV-2481 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **CITY OF YORK**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 25th day of September, 2019, upon consideration of plaintiff's motion (Doc. 95) *in limine*, wherein plaintiff requests that the court find admissible certain video evidence and permit that video to be played during opening statements, and it appearing that defendants object to both requests and challenge authentication of the video under Federal Rule of Evidence 901, (see generally Doc. 122), and the court noting that Rule 901 provides that to authenticate an item of evidence "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is," FED. R. EVID. 901(a), and further provides that testimony of a witness with knowledge "that an item is what it is claimed to be" will suffice, FED. R. EVID. 901(b)(1), and the court observing that the video footage was provided to plaintiff *by defendants* and that plaintiff purports to have an affidavit from Alex Angelina—the individual who combined the separate video files into a single, side-by-side video—that no alterations were made to the videos other than to shorten their length,[1] (see Doc. 100 at 1-2); McQueeney

---

[1] Plaintiff asserts that she attached the affidavit from Alex Angelina as "Exhibit A" to her brief in support of the instant motion *in limine*, but no affidavit or exhibit is attached.

v. Wilmington Tr. Co., 779 F.2d 916, 929 (3d Cir. 1985) (explaining that it "is surely probative" for authentication purposes that evidence in question was produced by opposing party in discovery), and the court determining that "the fact-finder could legitimately infer that the evidence is what the proponent claims it to be," McQueeney, 779 F.2d at 928, and the court further noting that it has already addressed defendants' prejudice arguments in its September 18, 2018 summary judgment memorandum, see Eberhardinger v. City of York, 341 F. Supp. 3d 420, 426 n.2 (M.D. Pa. 2018), aff'd, __ F. App'x __, 2019 WL 3544021 (3d Cir. Aug. 5, 2019), which analysis has not changed given that defendants had an additional 12 months to investigate "the process or equipment that was used to create the video" and "how the audio and video files were synchronized" yet have taken no such action, and the court concluding that plaintiff's video can be properly authenticated and is therefore admissible, it is hereby ORDERED that plaintiff's motion (Doc. 98) *in limine* is conditionally GRANTED as follows:

1. Plaintiff's video evidence shall be admissible at trial provided that plaintiff file and serve defendants with a copy of the affidavit of Alex Angelina, as described above, no later than **Friday, October 4, 2019**.

2. In light of the admissibility determination in paragraph 1 above, and because demonstrative evidence is frequently permitted in opening statements, plaintiff's request to utilize the at-issue video during her opening statement is GRANTED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania