## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIKA EBERHARDINGER,** | : | **CIVIL ACTION NO. 1:16-CV-2481** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF YORK**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 26th day of September, 2019, upon consideration of plaintiff's motion (Doc. 99) *in limine*, wherein plaintiff seeks exclusion of "any and all statements or insinuations of Matthew Foster's guilt as to aggravated assault," and the court noting that defendant Matthew Foster ("Foster") pled *nolo contendere* or "no contest" to the charge of aggravated assault—18 PA. CONS. STAT. § 2702(a)(4)—stemming from the car-chase incident underlying this case, (<u>see</u> Doc. 58-6 at 128), which statute provides that a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon," 18 PA. CONS. STAT. § 2702(a)(4),[1] and the court noting that when Foster entered his *nolo contendere* plea to aggravated assault, he repeatedly explained that,

---

[1] Defendants assert that Foster's aggravated assault was "upon Officer Smith," and they reference 18 PA. CONS. STAT. § 2702(a)(6) (dealing with assault of an officer by physical menace resulting in "fear of imminent serious bodily injury"), when discussing Foster's conviction. (<u>See</u> Doc. 124 at 1, 3). The problem with these assertions is twofold: *first*, Foster's conviction was under Section 2702(a)(4), which is recited *supra*; *second*, there are no facts of record about this offense because Foster pled no contest and the sentencing judge based her acceptance of that plea on the Commonwealth's proffer, which itself derived entirely from the accounts of officers involved in the incident. (<u>See</u> Doc. 58-6 at 144, 146). The accuracy of those accounts, of course, is a matter of genuine dispute in this case.

due to drug and alcohol ingestion and a head injury sustained from backing into a

telephone pole, he does not "remember anything" that occurred after hitting the

pole, (see Doc. 58-6 at 139, 143, 144, 146), which lack of memory precipitated Foster's

plea of no contest, (see id.), and the court noting that although a plea of *nolo*

*contendere* results in a conviction, it "is not an admission of guilt and thus the fact

that a defendant made such a plea cannot be used to demonstrate that he was guilty

of the crime in question," United States v. Adedoyin, 369 F.3d 337, 343-44 (3d Cir.

2004), and that "a nolo plea does not admit underlying facts or guilt," Sharif

v. Picone, 740 F.3d 263, 270 (3d Cir. 2014), and it appearing that defendants posit

that Foster's "conduct . . . will be a central factor at trial and his credibility will be

crucial in this case," (Doc. 124 at 3), but the court observing that, because Foster did

not admit underlying facts or guilt, his *nolo* plea would be irrelevant to assessing his

credibility or establishing his conduct on the night in question,[2] see Sharif, 740 F.3d

---

[2] We are cognizant that in our September 18, 2018 memorandum we
indicated that evidence of Foster's convictions "is relevant" to the excessive force
claim but not determinative. See Eberhardinger v. City of York, 341 F. Supp. 3d
420, 432 n.5 (M.D. Pa. 2018), aff'd, __ F. App'x __, 2019 WL 3544021 (3d Cir. Aug. 5,
2019). However, this cursory footnote encompassed all of Foster's convictions,
many of which were the result of guilty pleas, not just the aggravated assault
charge. Moreover, because we rejected defendants' argument at the Rule 56 stage
insofar as Foster's convictions would not be dispositive on the excessive force claim,
there was no need to isolate and scrutinize the aggravated assault conviction. After
undertaking a more fulsome examination, we find little, if any, relevance of this
*nolo*-plea conviction. It is clear that Foster pled no contest because he could not
remember what happened after hitting the telephone pole and injuring his head.
Nothing from this *nolo* plea will make any material fact in the instant case "more or
less probable," see FED. R. EVID. 401, because no facts related to aggravated assault
were admitted. See Sharif, 740 F.3d at 270. Even if the *nolo* plea were relevant, it
would fail the Rule 403 balancing test because any negligible probative value would
be substantially outweighed by danger of unfair prejudice and juror confusion. See
FED. R. EVID. 403.

at 270, and the court finding that none of the cases on which defendants rely are applicable to the matter *sub judice* because those cases did not involve convictions resulting from *nolo contendere* pleas, (<u>see</u> Doc. 124 at 4-5 (citations omitted)), it is hereby ORDERED that:

1.   Plaintiff's motion (Doc. 99) *in limine* is GRANTED.

2.   Defendants are PRECLUDED from discussing or referring to Foster's 2015 conviction for aggravated assault resulting from his plea of *nolo contendere*.  Defendants are further PRECLUDED from making or eliciting statements that indicate Foster's guilt as to this offense or that reference related factual allegations or proffers from his 2015 plea and sentencing.

 

 

              /S/ CHRISTOPHER C. CONNER
              Christopher C. Conner, Chief Judge
              United States District Court
              Middle District of Pennsylvania