Eager, Stengel, Quinn, Sofilka, and Babic
By: John P. Stengel
Attorney for Defendant Foster
Attorney ID #: 64041
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIKA EBERHARDINGER, | : | |
| Plaintiff, | : | No. 1:16-CV-02481-CCC |
| | : | |
| v. | : | (Chief Judge Connor) |
| | : | |
| CITY OF YORK, et al | : | JURY TRIAL DEMANDED |
| Defendants | : | |

### PRETRIAL MEMORANDUM OF DEFENDANT MATTHEW FOSTER

**A. Jurisdiction**

Plaintiff alleges violations of the Fourth and Fourteenth Amendments as to Defendant Benjamin Smith and asserts a claim against him pursuant to 42 U.S.C. section 1983. As to Defendant Smith, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. section 1331.

Plaintiff alleges negligence as to Defendants Matthew Foster. As to Defendant Foster, Plaintiff asserts supplemental jurisdiction pursuant to 28 U.S.C. section 1367.

**B. Facts Relevant To Matthew Foster's Defense**

At the time of the incidents described in Plaintiff's Complaint, Matthew Foster was driving Plaintiff's vehicle and she was a passenger in that vehicle. Plaintiff's Amended Complaint, paragraph 20. Matthew Foster's license was suspended at the time of this accident. Deposition of Matthew Foster, pp. 12-13.

Plaintiff testified as follows:

Prior to these events, she was aware that Matthew Foster's license was suspended. Deposition of Erica Eberhardinger, pp. 26-28, 30-31.

Matthew Foster frequently drove her vehicle. p. 30

Plaintiff had prohibited Matthew Foster from driving the vehicle on occasion in the past. pp. 30-31.

Plaintiff permitted Matthew Foster to drive the vehicle that evening and does not recall revoking that permission. Specifically, she does not recall whether she protested his driving when they left the Banana Max bar, and she does not recall whether she said anything to him during the chase. pp. 43 and 46.

C. Stipulations

   None

D. Damages

   Plaintiff seeks recovery for economic and non-economic damages related to gunshot wounds. Defense counsel have not been provided a calculation of lost income or diminished earning capacity. Plaintiff has supplied information related to a medical expense lien. Plaintiff has noticed the depositions of the oral surgeon who treated a mandible fracture and an orthopedic surgeon who treated a left-hand injury.

E. Witnesses

   1. Plaintiff Erica Eberhardinger

F. Expert Witnesses

   None

G. Special Comments About Pleadings And Discovery

   None

H. Summary of Legal Issues and Legal Authority

   If the case against Defendant Foster is submitted to a jury, likely defenses will be based on the Plaintiff's negligence in permitting an intoxicated and unlicensed driver to operate her vehicle and the superseding conduct of Benjamin Smith. However, the determinative defense is based on 75 Pa. C.S.A. 1574, and based on that law, Plaintiff's case should not be submitted to the jury.

75 Pa. C.S.A section 1574 provides as follows: *(a) No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven. (b) Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damage caused by the negligence of such driver in operating the vehicle.*

In Price v. Leibfried, 34 A.3d 1279 (Pa. Super. 2011), alloc. denied, 49 A.3d 444 (Pa. 2012), the Pennsylvania Superior Court held that by virtue of 75 Pa. C.S.A. 1574, an owner of a vehicle who knowingly permits an unlicensed driver to operate the vehicle cannot pursue a claim against that driver. The rational was that the owner's negligent entrustment created a vicarious liability on the owner and the owner could not be liable to herself.

Matthew Foster was unlicensed, Plaintiff was aware of that fact and she permitted him to operate her vehicle generally and that night, and she cannot claim that she revoked that permission because she does not remember.

I. **Stipulations Sought**

The undersigned has circulated a stipulation for the dismissal of Matthew Foster.

J. **Estimated Number Of Trial Days**

Four

K. **Other Matters**

Matthew Foster continues to be incarcerated. He does not wish to attend the trial. The undersigned has consulted with other counsel and no other counsel has requested his attendance. His deposition has been taken for use at trial.

L. **Exhibits**

None

M. **Special Verdict Questions**

If counsel does not agree to the dismissal of Matthew Foster and a Motion For Judgment As A Matter Of Law is denied, the undersigned counsel will request a verdict question regarding whether Erica Eberhardinger authorized or permitted Matthew Foster to operate the vehicle.

**N. Compliance With Rule 16.2**

    The automobile liability insurance company has been advised of the contents of Local Rule 16.2. The undersigned counsel hereby requests that attendance by telephone be permitted.

RESPECTFULLY SUBMITTED,

Eager, Stengel, Quinn, Sofilka & Babic

Date: 10/15/19

BY: _____
John P. Stengel, Esquire
Attorney I.D. 64041
1347 Fruitville Pike
Lancaster, PA 17601
Phone: (717)290-7971

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIKA EBERHARDINGER, | : | |
| Plaintiff, | : | No. 1:16-CV-02481-CCC |
| | : | |
| v. | : | (Chief Judge Connor) |
| | : | |
| CITY OF YORK, et al | : | JURY TRIAL DEMANDED |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing Pretrial Memorandum of Defendant Matthew Foster upon the person set forth below and in the manner indicated:

First class mail, postage pre-paid:

Leticia J. Santiago, Esquire
William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422

Donald B. Hoyt, Esquire
City of York Solicitor
101 South George St.
York, PA 17401

Christine E. Munion, Esquire
William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422

Joshua Goldberg, Esquire
ARM Lawyers
18 North 18th Street
Stroudsburg, PA 18360

EAGER, STENGEL, QUINN, SOFILKA & BABIC

DATE: 10/15/19     BY: _____
John P. Stengel, Esquire
Attorney for Defendant Foster
I.D. No. 64041
1347 Fruitville Pike
Lancaster, PA 17601
(717) 290-7971