IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIKA EBERHARDINGER,** | : CIVIL ACTION NO. 1:16-CV-2481 |
| **Plaintiff** | : (Chief Judge Conner) |
| v. | : |
| **CITY OF YORK**, *et al.*, | : |
| **Defendants** | : |

## ORDER

AND NOW, this 29th day of October, 2019, upon consideration of the omnibus motion (Doc. 127) *in limine* filed by defendant Benjamin Smith ("Officer Smith"),[1] in which Officer Smith seeks exclusion of (1) testimony and the expert report from plaintiff's proffered expert, Dr. Geoffrey P. Alpert ("Dr. Alpert"); (2) any evidence of Officer Smith's personnel or disciplinary history; (3) any references or evidence related to the City of York's use-of-force policy "and alternative uses of force"; and (4) any "testimony concerning prognosis and future treatment" from plaintiff's treating physicians, and the court observing *first* that Dr. Alpert is qualified in the field of police use of force and that he based his report's relevant conclusions on sufficiently reliable methodology, research, and data, (see Doc. 128 at 1); Champion v. Outlook Nashville, Inc., 380 F.3d 893, 907-09 (6th Cir. 2004); see generally Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993); FED. R. EVID. 702; *second*, that

---

[1] Plaintiff moved to strike Officer Smith's motion, as it was filed outside the established case management deadlines. (See Doc. 134). Due to the extended stay in this case involving the interlocutory appeal, and because plaintiff has not demonstrated any substantial prejudice from the court considering Officer Smith's late-filed motion, we will deny the motion to strike and consider the merits of the omnibus motion *in limine*.

plaintiff avers that she does not intend to present any personnel or disciplinary history for Officer Smith that would implicate Federal Rule of Evidence 404(b) but reserves the right to use any such information to impeach under Rule 608 if appropriate, (see Doc. 135 at 7-8); *third*, that the City of York's use-of-force policy and availability of alternative use-of-force measures are permissible areas of inquiry because they are relevant to whether the force used in the instant case was reasonable under the circumstances,[2] and *fourth*, that, contrary to Officer Smith's contention, plaintiff's treating physicians are in the best position to provide expert medical testimony as to their treatment of plaintiff and to opine—if able—on plaintiff's need for future treatment and potential for recovery, so long as those

---

[2] See, e.g., Abraham v. Raso, 183 F.3d 279, 295-96 (3d Cir. 1999) (noting that some courts have found that "where an officer's conduct amounted to more than a minor departure from internal department policy, . . . the officer's acts creating the need for force are important in evaluating the reasonableness of the officer's eventual use of force" (citations omitted)); Zimmerman v. Schaeffer, 654 F. Supp. 2d 226, 231-32, 235, 249-50 (M.D. Pa. 2009) (considering various use-of-force policies in denying summary judgment on Eighth Amendment excessive-force claims); Grant v. Winik, 948 F. Supp. 2d 480, 504-05 (E.D. Pa. 2013) (considering township policy regarding use of pepper spray as relevant to use-of-force reasonableness inquiry).

We note that, if there were *no* viable alternatives to the use of deadly force, such information would be critical to a determination of the reasonableness of Officer Smith's actions. Logic thus dictates that whether alternate, non-lethal options were available to Officer Smith is a relevant and permissible area of inquiry. See Davis v. Grynkewicz, No. 1:12-CV-587, 2013 WL 2249294, at *3-4 (M.D. Pa. May 22, 2013) (Conner, C.J.). We further observe that Officer Smith's proposed order for his motion *in limine* discusses only the City of York's use-of-force policy, (see Doc. 127-1), but in his briefing and during the October 23, 2019 pretrial conference, other written documents were mentioned, including "Act 120" and Army Reserve firearm training materials, (see, e.g., Doc. 127-2 at 10; Doc. 150-1 at 1). Without more detail as to the content of these materials and Officer Smith's exposure thereto, we decline to preclude them wholesale prior to trial.

2

opinions meet the requirements of Daubert and Rule 702, it is hereby ORDERED that:

1. Officer Smith's omnibus motion (Doc. 127) *in limine* is GRANTED in part and DENIED in part, as follows:

    a. Plaintiff's proffered expert, Dr. Alpert, may testify as an expert in the field of police use of force. However, Dr. Alpert shall not testify as to his opinion regarding ultimate legal conclusions concerning the reasonableness of Officer Smith's use of force.

    b. The "Opinions and Conclusions" section of Dr. Alpert's report (Doc. 128 at 5-6) is admissible in part. Any portion of that section involving ultimate legal conclusion concerning the reasonableness of Officer Smith's use of force is inadmissible. Any portion discussing plaintiff's injuries and causation is likewise inadmissible, as these issues are beyond the scope of Dr. Alpert's field of expertise.

    c. Evidence regarding Officer Smith's personnel and disciplinary history is conditionally precluded, subject to limited admissibility under Federal Rule of Evidence 608(b) if that rule's requirements are satisfied.

    d. The City of York's use-of-force policy and whether alternatives to the use of deadly force were available are permissible areas of inquiry.

    e. Plaintiff's treating physicians, Dr. Todd Seitz and Dr. Richard Trevino, may offer expert testimony regarding their medical opinions concerning plaintiff's treatment and potential for recovery, so long as those opinions meet the requirements of Daubert and Federal Rule of Evidence 702.

2. Plaintiff's motion (Doc. 134) to strike is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania